UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **JOSHUA ROLLINS,** | : | |
| 369 Franklin Lane | : | Case No. 22-cv-6314 |
| Acworth, Georgia 30102 | : | |
| | : | Judge |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **MEDLINE INDUSTRIES, INC.** | : | |
| 801 Adlai Stevenson Drive | : | |
| Springfield, Illinois 62703 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Now comes Plaintiff Joshua Rollins ("Plaintiff"), by and through undersigned counsel, and for his Complaint against Defendant Medline Industries, LP ("Defendant") states and avers as follows:

## THE PARTIES

1. Plaintiff is an individual residing in Cherokee County, Georgia. At all times alleged herein, Plaintiff was an employee of Defendant as the same has been defined by Title VII of the 1964 Civil Rights Act as amended, 42 USCS § 2000e(f) and the Americans with Disabilities Act of 1990, as amended, 42 USCS § 12111(4).

2. Defendant is an Illinois corporation and at all times herein was Plaintiff's employer.

## JURISDICTION AND VENUE

3. Jurisdiction over the statutory violation alleged is conferred pursuant to 28 U.S.C. § 1331, Title VII of the 1964 Civil Rights Act as amended, 42 USCS § 2000e and the Americans with Disabilities Act of 1990, as amended, 42 USCS § 12111.

1

4. Venue is proper in the Northern District of Illinois Eastern Division pursuant to Section 20 of the Employment and Confidentiality Agreement the parties entered into on May 4, 2015. A copy of the "Agreement" is attached hereto as Exhibit A.

5. At all times pertinent hereto, Defendant was an "Employer" within the meaning of Title VII of the 1964 Civil Rights Act as amended, 42 USCS § 2000e(b) and the Americans with Disabilities Act of 1990, as amended, 42 USCS § 12111(5).

6. Plaintiff satisfied all pre-requisites for filing for this Complaint, including but not limited to obtaining a Notice of Right to Sue from the Equal Employment Opportunity Commission. A copy of the "Notice" is attached hereto as Exhibit B.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates his allegations set forth in paragraphs 1 through 6 above as if fully rewritten herein.

8. Defendant is a national healthcare company that manufactures and distributes medical products across the United States.

9. Plaintiff began his employment with Defendant approximately seven years ago as a Physician Office Sales Representative for his designated territory in Atlanta.

10. During Plaintiff's employment with Defendant, Plaintiff received good performance evaluations and did not receive any disciplinary action.

11. In March 2020, Defendant required its entire workforce, except warehouse workers and drivers, to work remotely until further notice.

12. Plaintiff worked remotely beginning in March 2020 until his termination, approximately 18 months later.

**A.     Defendant's Vaccine Mandate**

13. On August 20, 2021 Defendant mandated all "customer-facing" employees were required to be fully vaccinated against COVID-19 by November 1, 2021 (the "Vaccine Mandate"). Defendant stated an employee was "fully vaccinated" when at least 14 days have passed after receiving a final dose the COVID-19 vaccine.

14. Defendant required all employees to certify their vaccination statuses to Defendant and provide consent for Defendant to share their vaccination statuses with their customers through the MyMedLife benefits portal no later than September 1, 2021.

15. When Defendant announced its Vaccine Mandate, Defendant did not state it would accept religious and medical accommodations. Defendant directed employees to direct their questions to their Human Resources Representative.

16. Defendant's Vaccine Mandate did not include a testing alternative option.

17. Pursuant to Defendant's Vaccine Mandate, any employee that remained unvaccinated after November 1, 2021 would be terminated.

18. Defendant did not offer religious or medical accommodations in its Vaccine Mandate announcement, but Human Resources provided religious and medical accommodation forms specific to Defendant's COVID-19 Vaccine Mandate if employees inquired about accommodations.

19. Defendant's offer to entertain employees' religious and medical accommodations was illusory. Instead, Defendant utilized the religious and medical accommodations to mass terminate unvaccinated employees.

B. **Defendant's Accommodation Process**

20. Defendant required employees that wished to file a religious or medical accommodation contact their Human Resources Representative. Human Resources provided the employee with either a religious accommodation form and/or a medical accommodation form.

21. Defendant's religious accommodation form was titled "COVID-19 Request for Accommodation of Sincerely-Held Religious Belief."

22. Defendant's medical accommodation form was titled "COVID-19 Medical Inquiry Form in Response to an Accommodation Request."

23. Defendant denied virtually all religious and medical accommodation requests concerning Defendant's COVID-19 Vaccine Mandate and did not provide employees with accommodations.

24. Defendant regarded employees as unable to do their jobs and alleged any accommodation would pose undue hardship to Defendant.

25. Defendant informed employees that were denied religious and medical accommodations that they faced an immediate choice either (a) receive a COVID-19 vaccination in direct violation of their sincerely religious beliefs and/or in direct contradiction to their physical health or (b) be terminated.

26. Defendant mass terminated employees that filed religious or medical accommodations on November 1, 2021.

  C. **Plaintiff's Accommodation Request**

27. On September 14, 2021, Plaintiff submitted a medical accommodation request to Human Resources for Defendant's Vaccine Mandate. Plaintiff's physician stated he had a permanent physical or mental impairment that prevented Plaintiff from complying with Defendant's Vaccine Mandate.

28. Katie McHugh, Plaintiff's Human Resources representative, contacted Plaintiff to inform him Defendant would review his medical accommodation request.

29. Defendant denied Plaintiff's medical accommodation on October 18, 2022.

30. On October 22, 2021, Plaintiff also submitted a religious accommodation request to Human Resources for Defendant's Vaccine Mandate and stated he had a sincerely held religious belief against scientific methods that utilized aborted fetal cells. Plaintiff also stated his sincerely held religious belief prevented him from complying with Defendant's Vaccine Mandate.

31. Defendant denied Plaintiff's religious accommodation on October 22, 2021, the same day Plaintiff submitted it.

32. Defendant did not contact Plaintiff to discuss reasonable accommodations for either his religious or medical accommodation requests.

33. Defendant terminated Plaintiff on November 1, 2021 because Plaintiff chose to remain unvaccinated pursuant to his sincerely held religious beliefs and physician's advice.

34. Defendant's stated reason for termination is false or not believable.

**COUNT ONE**
**Violation of Title VII, 42 USC § 2000e, *et seq.***
**Religious Discrimination – Failure to Accommodate**

35. Plaintiff incorporates his allegations set forth in paragraphs 1 through 34 above as if fully rewritten herein.

36. Title VII prohibits employers from discriminating against its employees on the basis of their sincerely held religious beliefs. *See* 42 USC § 2000e-2(a).

37. Plaintiff holds a sincerely held religious belief that precludes him from receiving a COVID-19 vaccine.

38. Plaintiff informed Defendant of his beliefs and requested a religious accommodation from Defendant's Vaccine Mandate.

39. Defendant failed to engage in the interactive process with Plaintiff regarding his religious accommodation request.

40. Irrespective of the interactive process, Defendant failed to provide Plaintiff with a religious accommodation or reasonable accommodation.

41. Defendant's failure to provide religious accommodation has harmed and will continue to harm Plaintiff.

42. Plaintiff's religious belief was the basis for Defendant's discriminatory treatment.

43. Accommodating Plaintiff's religious beliefs would not have resulted in an undue hardship on Defendant or its business.

44. By failing to engage in the interactive process or offer any reasonable accommodation, Defendant's discriminatory actions were intentional and/or reckless and in violation of Title VII.

45. As a result of Defendant's discriminatory actions, Plaintiff is entitled to all damages as provided by 42 USC § 2000e and common law including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which he was entitled, an amount to be determined at trial.

**COUNT TWO**
**Violation of Title VII, 42 USC § 2000e, *et seq.***
**Religious Discrimination – Disparate Treatment**

46. Plaintiff incorporates his allegations set forth in paragraphs 1 through 45 above as if fully rewritten herein.

6

47. Title VII makes it illegal for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges or employment on the basis of religion. 42 USC § 2000e-2(a)(1).

48. Plaintiff holds a sincerely held religious belief and is a member of a protected class.

49. Plaintiff was qualified for his position with Defendant.

50. Defendant engaged in a company-wide and systemic policy, pattern, and practice of religious discrimination against Plaintiff by failing to reasonably accommodate Plaintiff's sincerely held religious beliefs and objections to COVID-19 vaccination; discriminatorily pressuring Plaintiff to forego his religious beliefs and conscience to subject himself to an unwanted COVID-19 vaccination; offering illusory religious accommodations; and other forms of discrimination.

51. By imposing its Vaccine Mandate on Plaintiff, deliberately refusing to reasonably accommodate Plaintiff's sincerely held religious objections, and falsely stating Plaintiff's religious accommodation would be considered, Defendant discriminated against Plaintiff on the basis of his religious beliefs and practices.

52. Defendant's discriminatory actions were motivated by discriminatory animus towards Plaintiff's sincerely held religious beliefs.

53. As a result of Defendant's disparate treatment, Plaintiff suffered an adverse employment action.

54. As a result of Defendant's disparate treatment, Plaintiff was treated differently than similarly situated employees with no religious objections to the COVID-19 vaccines.

55. As a result of Defendant's discriminatory actions, Plaintiff is entitled to all damages as provided by 42 USC § 2000e and common law including but not limited to emotional and

physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which he was entitled, an amount to be determined at trial.

### COUNT THREE
### Violation of Title VII, 42 USC § 2000e, *et seq.*
### Religious Discrimination – Disparate Impact

56. Plaintiff incorporates his allegations set forth in paragraphs 1 through 55 above as if fully rewritten herein.

57. Title VII makes it illegal for an employer to implement an employment practice or policy that causes a disparate impact on the basis of race, color, religion, sex, or national origin. 42 USC § 2000e-2(k).

58. Plaintiff is a member of a protected class.

59. Defendant's Vaccine Mandate caused a disparate impact on the basis of religion.

60. Defendant's Vaccine Mandate is not job-related for Plaintiff's position or consistent with business necessity.

61. Plaintiff offered alternative employment practices for Defendant's Vaccine Mandate, but Defendant refused to adopt such alternative employment practices.

62. As a result of Defendant's Vaccine Mandate, Plaintiff was disparately impacted and suffered an adverse employment action.

63. As a result of Defendant's Vaccine Mandate, Plaintiff is entitled to all damages as provided by 42 USC § 2000e and common law including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which he was entitled, an amount to be determined at trial.

## COUNT FOUR
### Violation of the Americans with Disabilities Act, 42 USC § 12101, *et seq.*
### Disability Discrimination – Failure to Accommodate

64. Plaintiff incorporates his allegations set forth in paragraphs 1 through 63 above as if fully rewritten herein.

65. The Americans with Disability Act ("ADA") requires employers to engage in the interactive process and offer reasonable accommodations for employees with disabilities. *See* 42 USC § 12112.

66. Plaintiff is a qualified individual with a disability.

67. Defendant was aware of Plaintiff's disability.

68. Defendant failed to reasonably accommodate Plaintiff's disability.

69. Defendant failed to engage in the interactive process with Plaintiff regarding Plaintiff's disability and Defendant's Vaccine Mandate.

70. Irrespective of the interactive process, Defendant failed to provide Plaintiff with a reasonable accommodation.

71. Defendant's failure to provide a reasonable accommodation has harmed and will continue to harm Plaintiff.

72. Plaintiff's disability was the basis for Defendant's discriminatory treatment.

73. Accommodating Plaintiff's disability would not have resulted in an undue hardship on Defendant or its business.

74. By failing to engage in the interactive process or offer any reasonable accommodation, Defendant's discriminatory actions were intentional and/or reckless and in violation of the ADA.

75. As a result of Defendant's discriminatory actions, Plaintiff is entitled to all damages as provided by 42 USC § 12101 and common law including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which he was entitled, an amount to be determined at trial.

### COUNT FIVE
### Violation of the Americans with Disabilities Act, 42 USC § 12101, *et seq.*
### Disability Discrimination – Disparate Treatment

76. Plaintiff incorporates his allegations set forth in paragraphs 1 through 75 above as if fully rewritten herein.

77. The Americans with Disability Act ("ADA") prohibits employers from discriminating against an employee on the basis of his disability. *See* 42 USC § 12112.

78. Plaintiff is disabled as defined by the ADA.

79. Plaintiff is qualified, with or without reasonable accommodation to perform the essential functions of his job.

80. By imposing its Vaccine Mandate on Plaintiff, deliberately refusing to reasonably accommodate Plaintiff's disability, and falsely stating Plaintiff's disability would be considered for a reasonable accommodation, Defendant discriminated against Plaintiff on the basis of his disability.

81. Defendant's discriminatory actions were motivated by discriminatory animus towards Plaintiff's disability.

82. As a result of Defendant's disparate treatment, Plaintiff suffered an adverse employment action.

83. As a result of Defendant's disparate treatment, Plaintiff was treated differently than similarly situated employees without disabilities.

84. As a result of Defendant's discriminatory actions, Plaintiff is entitled to all damages as provided by 42 USC § 12101 and common law including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which he was entitled, an amount to be determined at trial.

**COUNT SIX**
**Violation of the Americans with Disabilities Act, 42 USC § 12101, *et seq***
**Disability Discrimination – Disparate Impact**

85. Plaintiff incorporates his allegations set forth in paragraphs 1 through 84 above as if fully rewritten herein.

86. The Americans with Disability Act ("ADA") prohibits employers from discriminating against an employee on the basis of his disability. *See* 42 USC § 12112.

87. Plaintiff is a member of a protected class.

88. Defendant's Vaccine Mandate caused a disparate impact on the basis of disability.

89. Defendant's Vaccine Mandate is not job-related for Plaintiff's position or consistent with business necessity.

90. Plaintiff offered alternative employment practices for Defendant's Vaccine Mandate, but Defendant refused to adopt such alternative employment practices.

91. As a result of Defendant's Vaccine Mandate, Plaintiff was disparately impacted and suffered an adverse employment action.

92. As a result of Defendant's Vaccine Mandate, Plaintiff is entitled to all damages as provided by 42 USC § 12101 and common law including but not limited to emotional and physical

distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which he was entitled, an amount to be determined at trial.

### COUNT SEVEN
**Violation of the Americans with Disabilities Act, 42 USC § 12101,** *et seq.*
**Perceived Disability Discrimination**

93. Plaintiff incorporates his allegations set forth in paragraphs 1 through 92 above as if fully rewritten herein.

94. The Americans with Disability Act ("ADA") prohibits employers from discriminating against an employee on the basis of his disability. *See* 42 USC § 12112.

95. The ADA prohibits employers from regarding employees as disabled. *See* 42 USC § 12102.

96. Defendant perceived Plaintiff to be disabled because Plaintiff was unable to receive a COVD-19 vaccination.

97. Plaintiff was qualified to perform his job with or without a reasonable accommodation.

98. Plaintiff suffered an adverse employment action.

99. Defendant knew or had reason to know about Plaintiff's inability to receive the COVID-19 vaccination.

100. Plaintiff was replaced or Plaintiff's job remained open and Defendant continued to search for a replacement.

101. Plaintiff's perceived disability was the basis for Defendant's discriminatory treatment.

As a result of Defendant's discriminatory actions, Plaintiff is entitled to all damages as provided by 42 USC § 12101 and common law including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which he was entitled, an amount to be determined at trial

**WHEREFORE**, Plaintiff Joshua Rollins prays that this Court award a judgment against Defendant Medline Industries, Inc. on all counts, for compensatory and punitive damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income and other benefits to which Plaintiff is entitled in an amount to be determined at trial and an award of Plaintiff's costs and reasonable attorney fees incurred relating to this action; ALL TOGETHER WITH such other relief as may be just, necessary and proper.

Respectfully submitted,

ED FOX & ASSOCIATES, LTD.

By: /s/ Edward M. Fox
      Edward M. Fox (#6205330)
      118 N. Clinton Street, Suite 425
      Chicago, Illinois 60661
      (312) 345-8877
      Email: efox@efoxlaw.com

*Counsel for Plaintiff*